IN THE UNITEST STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff** | ) | **CASE NO. 4:19-CR-206** |
| | ) | |
| | ) | **JUDGE DAN A. POLSTER** |
| **v.** | ) | |
| | ) | **OPINION AND ORDER** |
| **ROBERT TAYLOR,** | ) | |
| | ) | |
| **Defendant** | ) | |

### MEMORANDUM

Before the Court is Defendant Robert Taylor's Motion for Sentencing Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release Due to COVID-19 Circumstances, **Doc #: 229**. For the foregoing reasons, Defendant Taylor's motion is **DENIED**.

### I. Background

On November 5, 2019, Defendant Taylor was sentenced to 109 months of imprisonment after pleading guilty to one count of Conspiracy to Distribute Cocaine and Cocaine Base (Crack). Taylor is currently held at FCI Morgantown and has a release date of October 13, 2027.[1] Taylor is 59 years old, suffers from hypertension and obesity, and currently is combatting an infection in his right knee that has caused deep vein thrombosis, a blood-clotting condition, in his lower leg. He asks the Court to release him immediately due to the fact that these conditions have life-threatening consequences if he were to contract COVID-19, and due to the fact that the virus is currently

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 28, 2021). As Defendant Taylor has noted, he turns 60 years old on February 26, 2021, at which point his sentence will be reduced by one-third. Doc #: 229 at 2 n. 1 (citing 34 U.S.C. § 60541(g)(5)(A)).

uncontrolled at FCI Morgantown. On January 6, 2021, the Government filed a response in opposition. Doc #: 230. Defendant Taylor filed his reply on January 13, 2021. Doc #: 231.

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5-6; *see also United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19,[3] as does an individual's advanced age.[4] Taylor suffers from obesity, which puts him at risk for severe illness

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Taylor has satisfied the exhaustion requirement.

[3] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 28, 2021).

[4] Older Adults at Greater Risk of Requiring Hospitalization or Dying if Diagnosed with COVID-19, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Jan. 28, 2021).

from COVID-19. In addition, he is 59 years old, in an age range that also increases his risk for severe illness. Therefore, the Court finds that Taylor satisfies the first prong of the "extraordinary and compelling" test.

Further, Taylor's situation meets the second prong of the "extraordinary and compelling reasons" test. Currently, FCI Morgantown has 89 active COVID-19 cases.[5] This represents an inmate infection rate of greater than 20%.[6] This would certainly qualify as a "severe COVID-19 outbreak." *See United States v. Dietz*, 1:11 CR 484 (N.D. Ohio Jan 5, 2021) (qualifying an infection rate of slightly greater than 20% as a severe outbreak). Thus, Taylor has satisfied the second prong and the requirements to demonstrate "extraordinary and compelling reasons."

## B.  § 3553 Factors[7]

The Court, in sentencing an individual, must hand down a term that is "sufficient, but not greater than necessary, to comply with" the purposes of incarceration. 18 U.S.C. § 3553(a). These factors also weigh strongly on whether a court can modify a sentence after the fact. Among the elements that a court can consider is the length of the original sentence and the proportion of that sentence served. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Taylor was convicted of participating in a significant drug trafficking conspiracy and possessed a substantial quantity of cocaine. Taylor has presented that he does not pose a danger to the safety of any person or the community. While it is difficult to take him at his word of being "reformed," given his extensive history, it is noteworthy that he is unable to move around with ease, and that he would have a home and a job to return to upon release. However, the § 3553(a)

---

[5] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Feb. 1, 2021).
[6] There are currently 438 inmates held at FCI Morgantown. FCI Morgantown, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/locations/institutions/mrg/ (last visited Jan. 28, 2021).
[7] Due to significant overlap between factors the Court must consider when analyzing a defendant's danger to the community and the § 3553(a) sentencing factors, the Court will address both in one section.

factors still do not favor his release. To date, he has served less than two years of his nine-year sentence. While Taylor has provided examples where the Court has granted release even before 50% of a sentence has been served, this is far more the exception than the rule. *See* Doc #: 229, at 14. Further, none of the cases cited by Taylor account for a release when such a small amount of a sentence has been served. In this light, it cannot be said that the time Taylor has served thus far is "sufficient, but not greater than necessary." And this will be the case, even following the reduction in Taylor's sentence that will occur automatically on his 60th birthday.

Because the § 3553(a) factors tend against the release of Taylor, he does not meet all the factors necessary for compassionate release, and this Court cannot grant it. The Court notes that it is not unsympathetic to Taylor's position. It is incumbent that he be able to obtain the medical treatment necessary to his conditions. However, this need, even during a pandemic, cannot authorize the Court to ignore its own guidance and the BOP's authority and release an individual who does not meet all the requirements for compassionate release.

### III. Conclusion

For the above reasons, Defendant Taylor's Motion, **Doc #: 229**, is **DENIED**.

**IT IS SO ORDERED.**

> */s/ Dan Aaron Polster February 2, 2021*
> **Dan Aaron Polster**
> **United States District Judge**

4