personnel treated the infection by implanting an antibiotic impregnated static cement spacer. Unfortunately, the antibiotic spacer has failed to eliminate the staph infection, and it remains in Taylor's knee.

Taylor has received two opposing medical opinions regarding the treatment of his knee. The BOP's orthopedist has opined that an above knee amputation is his only option. But Orthopedic physicians from the University of West Virginia Hospital have offered to insert another joint replacement before concluding that amputation is necessary. Understandably, Defendant Taylor does not want to lose his leg. He has requested a third opinion, but the Warden has denied his request.

Taylor first motion for compassionate release due to COVID-19 was denied. ECF Doc. 232. On August 29, 2022, Taylor filed a second motion for compassionate release due to the medical issues with his knee and the potential amputation of his leg. ECF Doc 286 at 3. Taylor would like to seek alternative medical care outside the BOP. ECF Doc. 286. The Government filed a Response (ECF Doc. 289), and Taylor filed a reply. ECF Doc. 291.

## II. Law and Analysis

Before granting a sentence modification under § 3852(c)(1)(A)(i), a court must find: (1) extraordinary and compelling reasons warrant a sentence modification, (2) the defendant is not a danger to the safety of any other person or the community, and (3) the reduction is appropriate considering the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Hardin,* No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).[2]

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. Taylor has satisfied the exhaustion requirement. See ECF Doc. 286-1.

A. **Extraordinary and Compelling Reasons**

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. A district court enjoys a wide discretion to identify what constitutes extraordinary and compelling reasons under § 3852(c)(1)(A) if an inmate, instead of the BOP files the motion with the district court. *United States v. Jones*, 980 F.3d 1098, 1109-11 (6th Cir. 2020). As the Sixth Circuit has recognized, a district court can permissively consider the Sentencing Commission's definitions of extraordinary and compelling in its own assessment, it is not constrained by it. *United States v. Tomes*, 990 F.3d 500, 503 at n.1 (6th Cir. 2021).

Here, there is no question that Defendant Taylor has a serious medical condition and that his request for another medical opinion is reasonable. ECF Doc. 289 at p.6. The BOP's recommendation is for the amputation of a limb, which would leave Taylor permanently immobile. In 2020, Dr. Klein opined that another knee replacement had a medium chance of success. ECF Doc. 289-2 at 2018. FCI Cumberland's Warden has refused Taylor's request to obtain a third medical opinion. ECF Doc. 286-5. Taylor is a 61-year-old, overweight individual who has been requesting a knee replacement surgery for the past two years. The Court finds that seeking an alternative treatment to avoid amputation is an extraordinary and compelling reason for sentence reduction.

**B.     18 U.S.C. § 3553(a) Sentencing Factors**[3]

The Court, in sentencing an individual, must hand down a term that is "sufficient, but not greater than necessary, to comply with" the purposes of incarceration. 18 U.S.C. § 3553(a). These factors also weigh strongly on whether a court can modify a sentence after the fact. Among the elements that a court can consider is the length of the original sentence and the proportion of that sentence served. See *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Among the sentencing factors a court must consider when determining whether to grant compassionate release is the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment for it, to promote respect for the law, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(2)(A), 3553(a)(6).

Here, given Defendant Taylor's age and medical conditions, his likelihood of recidivism is low. His continued incarceration is no longer necessary to protect the public from future crimes because his medical conditions have rendered him immobile. He is 61, obese and unable to ambulate without the assistance of a wheelchair. His inability to move freely greatly reduces the chances he will engage in future criminal activity. Additionally, Taylor has presented a release plan with a safe place to live with his wife at their family home. For these reasons, the Court finds that the 18 U.S.C. § 3553(a) sentencing factors weigh in in favor of reducing Defendant Taylor's sentence.

---

[3] **Error! Main Document Only.**Due to the overlap between the factors the Court must address in analyzing a defendant's danger to society and many of the 3553(a) sentencing factors, the Court addresses them together. See 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(B)-(D).

### III. Conclusion

Defendant Taylor faces possible amputation unless he seeks alternative treatment for his knee. The BOP has refused to permit him to get another opinion, which could potentially save his leg. Because Defendant Taylor's presents a limited danger to the community due to his age and medical conditions and has a release plan with a safe place to live, a reduced sentence is justified. Accordingly, this Court **GRANTS** Robert Taylor's Second Motion for Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for Compassionate Release.

The Court hereby reduces Taylor's sentence to time served, to be followed by five years supervised release with the added condition of six months of detention with location monitoring.

**IT IS SO ORDERED**

Dated: September 23, 2022            *s/Dan Aaron Polster*
                                                      United States District Judge